BIGHAM *v.* CROSS.

Opinion delivered October 26, 1901.

LANDLORD'S LIEN—WAIVER.—The fact that a landlord agreed that a firm, who were furnishing supplies to his tenant, and held a mortgage on the latter's crop, should receive and dispose of such crop, on condition that they would protect him in his landlord's rights, would not be a waiver of the landlord's lien as to any part of the crop which did not come into the firm's hands, either in favor of the firm or of another holding a lien prior to the firm's mortgage.

Appeal from Crittenden Circuit Court.

FELIX G. TAYLOR, Judge.

*F. H. Heiskell,* for appellant.

A landlord, having a lien on the whole crop for his rent, can seize any part thereof, and cannot be deprived of his right thereto by any inferior conflicting claims of other persons upon said crop. 35 Ark. 225.

*L. P. Berry,* for appellee.

BUNN, C. J. This is a suit by attachment for rent, brought before A. B. Reeves, one of the justices of the peace of Jasper township, Crittenden county, this state, on the 8th day of December, 1898, by W. M. Bigham as landlord against Joe and Lewis Cross, as his tenants for that year. The debt claimed was $255, and the order was levied on 2,000 pounds of seed cotton in pens, and about twenty bales in the field, and 200 bushels of corn in the crib, on the 9th day of December, 1898; and on the 29th day of December, 1898, one S. I. Newman filed his interplea, claiming the property levied on as his property by virtue of a mortgage which said Joe and Lewis Cross had given him on said crop of cotton and corn to secure a debt dated December 29, 1898.

The judgment and findings of the court were to the effect that the lien of said landlord was superior to the mortgage lien of the interpleader, and that the debt claimed by the plaintiff was due, and therefore that the plaintiff recover against defendants and interpleader; from which judgment both the defendants and the interpleader appealed to the circuit court. In the circuit court, the cause was tried by a jury, and the verdict was for the interpleader, and motion for new trial was overruled, and the plaintiff, Bigham, appealed to this court.

The facts, in brief, are as follows: W. M. Bigham, the landlord, rented his plantation, or a portion of it, to the defendants, Joe and Lewis Cross, for the year 1898, for $225, for which they executed and delivered to him their promissory note. He also furnished them farming implements to the amount of $30. A. R. McNees & Co., merchants of Memphis, Tennessee, were furnishing supplies to these tenants, and sometime in the early part of the year Bigham agreed with them that they might receive and handle the crop of cotton raised on the plantation by these tenants, and at the same time they agreed to protect him in his rights as landlord. A. R. McNees & Co. had taken a mortgage from Joe and Lewis Cross on the crops in the early part of the year, but it was afterwards discovered that there was some defect in its acknowledgment,

which, whether a fact or not, seems to have been conceded by the parties. At least, it is not an issue here. Be that as it may, McNees & Co., under their agreement with Bigham, had received seventeen bales of the cotton before the execution of the mortgage to Newman, and the lien of the latter was inferior to the possessory rights of them in respect to said seventeen bales, at least, and the only controversy is over the cotton and corn levied on, and which had not yet come into the possession of McNees & Co. under the said agreement with Bigham.

The question was as between Bigham and the interpleader as to the crop levied on. Bigham had authorized McNees & Co. to bring suit for his rents in his name, and they really brought this suit under that authority. The interpleader claimed that McNees & Co. had received enough cotton to pay Bigham's rent, and that, by his arrangement and agreement with McNees & Co., Bigham had waived his lien on the portions of the crop delivered to McNees & Co., and that by so doing he lost his lien upon the other portion of the crop—that is, the portion levied on. Bigham however testified that he did not waive his lien on the cotton delivered to McNees & Co. He also testified that, after the institution of the suit, Lewis Cross, one of the defendants, had paid his portion of the rent, amounting to the sum of fifty-five dollars, and eight dollars on his open account. The balance had not been paid. As we understand it, the contention of the interpleader is that the balance of the rent account should have been paid by McNees & Co. out of the proceeds of the cotton in their hands, and that Bigham has no right to look to the other crop for the payment of such rent balance.

Evidence was taken on this issue, and on that the court instructed the jury as follows, to-wit: "The case depends upon the transaction between Dr. Bigham, the plaintiff, and A. R. McNees & Co. If Dr. Bigham, the plaintiff, waived his lien upon the cotton shipped by Cross to McNees & Co. before the mortgage of the interpleader, S. I. Newman, was executed, then he (Dr. Bigham) could go upon the remainder of the crop, and you will find for the plaintiff; but if Dr. Bigham did not waive his lien for rent upon the cotton in the hands of McNees & Co., then he cannot hold the cotton attached in this cause against the interpleader, Newman, but must subject the cotton that was shipped to McNees & Co. to his claim for rent; and if you find that Dr. Bigham did not waive his lien for rent on the cotton that was shipped to McNees

& Co., and that said cotton was sold for enough to pay the rent due Dr. Bigham, then you will find for the interpleader, Newman." In addition, on its own motion, the court instructed the jury that "if A. R. McNees & Co. had agreed to protect Dr. Bigham, and Dr. Bigham had not waived his lien to A. R. McNees & Co., and Joe and Lewis Cross had shipped sufficient cotton to pay the amount due Dr. Bigham for rent, McNees & Co. were acting as his agents, and were bound under the law to pay the rent to Bigham, or hold the same for him." To both of which instructions the defendant saved exceptions.

The court's instructions were erroneous; for, whether Dr. Bigham had waived his lien to McNees & Co. on the seventeen bales or not, he had the right to resort to any other portion of the crop. The mere fact that Bigham consented that McNees & Co., who were to, and did, furnish the supplies to the tenants to make the crop, should receive, handle, and dispose of the same, on condition that they would protect him in his landlord's rights, did not waive his (Bigham's) lien on the portion of the crop that did not go into the possession of McNees & Co., nor was it a waiver of his lien on the cotton which did come into their possession. Nor is there anything in the testimony to estop Bigham from resorting to any portion of the crop to secure the payment of his rents. The question of priority between Newman and McNees & Co. as to the crop attached, on the state of case made, did not affect Bigham, the landlord.

Reversed and remanded.